UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATREYA A. BOYD,

       Plaintiff,                           Case No. 05-73902

vs.

                                       HONORABLE VICTORIA A. ROBERTS
                                       HONORABLE JUDGE STEVEN D. PEPE

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Latreya A. Boyd brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner denying her application for Supplemental Social Security Income (SSI) under Title XVI of the Social Security Act. The undersigned issued a scheduling order requiring Plaintiff to file his motion for summary judgment on or before February 10, 2006. After Plaintiff failed to file his motion for summary judgment, the undersigned issued an Order To Show Cause requiring Plaintiff to either explain this failure or file his motion on or before March 7, 2006. As a courtesy, the undersigned's clerk also called Plaintiff's attorney on April 5, 2006. He was required to leave a message with office staff. Plaintiff has failed to comply with this Show Cause Order.

Notwithstanding Plaintiff's failure to submit a motion for summary judgment, as ordered, nor explain any justification for this failure, the undersigned did review ALJ Daniel Dadabo's decision of March 22, 2005, to determine if there were any apparent errors.

Plaintiff previously applied for and was denied SSI on July 12, 2000 and June 6, 2002 (R. 14). Plaintiff was 30 years of age at the time of the decision, with a high school education, some

community college courses (1993-1999) and former work experience in food service, cashiering and fitting room attendant (R. 335, 356). She claimed disability under Title XVI as of December 1, 1993, due to borderline intellectual functioning, learning disability, obesity, asthma, hypertension and status post ovarian cancer (R. 15). Her daily activities include using the Internet to shop, play cards or learn educational games; and a brisk 20 minute walk (R.19). She testified that she could stand for 1 hour, sit for 3-4 hours and lift or carry 10-20 pounds (R. 19).

ALJ Dadabo found that Plaintiff's severe impairments included: borderline intellectual functioning, morbid obesity, hypertension, asthma, status post 1993 and 1998 right oophorectomy secondary to cancer, cystisis, abdominal pain (etiology undetermined), status post cholecystectomy, status post 1999 left meniscus treatment (R. 17).

He found that these did not meet the listing of impairments and allowed for performance of a restricted range of light exertional work (R. 21). Based on vocational testimony that there were several thousand jobs available in the region, the ALJ found Plaintiff not disabled (R. 22, 359).

There is nothing apparent in the ALJ's decision that suggests an error of law or fact was made, and in the absence of a motion for summary judgment from Plaintiff, there is no basis to modify the Commissioner's decision.

Therefore, IT IS RECOMMENDED that this matter be dismissed for Plaintiff's failure to comply with this Court's Order and failure to prosecute this matter.


Dated: April 21, 2006                                            s/Steven D. Pepe
Ann Arbor, Michigan                                              United States Magistrate Judge

<u>Certificate of Service</u>

     I hereby certify that a copy of this Report and Recommendation was served upon the parties of record by electronic means on April 21, 2006.

                                                    <u>s/William J. Barkholz</u>
                                                    Courtroom Deputy Clerk